**Walter J. PETERS et al.**

v.

**Harold SCHOENHAUS, D.P.M., et al.**

**Civ. A. No. 77–0616.**

United States District Court,
E. D. Pennsylvania.

Jan. 28, 1981.

**518**

Edward T. Feierstein, Philadelphia, Pa., for plaintiffs.

E. Paul Maschmeyer, William V. Coleman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GILES, District Judge.

The trial in this case resulted in a jury verdict on December 18, 1980, in favor of defendants and against plaintiffs. Judgment was entered the following day. On December 29, 1980, plaintiff filed a motion for a new trial. I denied the motion without prejudice for failure to comply with E.D.Pa.R.Civ.Pro. 20(d). Order dated January 9, 1981 ¶ 1 [hereinafter cited as Order]. Within the time which I allotted for refiling (seven days), plaintiff renewed the motion. Again counsel failed to comply with E.D.Pa. R.Civ.Pro. 20(d).

Rule 20(d) provides that:

"Every motion not certified as uncontested shall be accompanied by a written statement as to the date and manner of service of the motion and supporting brief."

The rule has two purposes. Because the deadline for opposition to a motion depends on the time and manner of service, *see* E.D.Pa.R.Civ.Pro. 20(c); *Bagley v. Little, Brown & Co.*, No. 79–2858, slip op. at 1–2 (E.D.Pa. Sept. 10, 1980) (order vacating award of attorney fees), the statement of service permits opposing parties and court to calculate when a response is due, and when a motion may be treated as uncontested. The statement also fulfills a more basic purpose. It gives some assurance to the court that opposing counsel have indeed been served, and that any action taken on the motion will not be *ex parte.*

An additional problem with the instant motion is that it disregards not merely the local rule, but also a court order pointing out the defect and requiring full compliance with the rules. Order, *supra*, ¶ 4. Finally, another refiling necessarily would occur more than ten (10) days after entry of the verdict, thus tampering with the spirit if not the letter of Fed.R.Civ.Pro. 6(b) and 59(b). *See generally*, 6A *Moore's Federal Practice* ¶ 59.09[1], at 59–199 to 202 (1979); 11 C. Wright & A. Miller, *Federal Practice and Procedure* Civil § 2812 (1973).

I shall deny the motion without prejudice. However, any renewed motion must be filed within seven (7) days after entry of this order and must fully comply with the federal and local rules, or it shall be dismissed with prejudice.